UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL A. YESCAS, III, CDCR #AW-1240,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAN McCOURT; PRESTON HOWARD; and FRANK JOHNSON,<br><br>　　　　　　　　　　Defendants. | Case No.:  23-CV-106 TWR (AHG)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Raul A. Yescas, III's Complaint, (ECF No. 1), and Motion for Leave to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), (ECF No. 2).  Plaintiff is a pro se inmate currently housed at Mule Creek State Prison in Ione, California. (*See generally* ECF No. 1.)  Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, alleges that Defendants Dan McCourt, Preston Howard, and Frank Johnson violated his First Amendment Right to free speech, reporting, and redress of a grievance.  (*See generally id.*)  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and **ORDERS** the U.S. Marshal to effect service upon Defendants.

/ / /

/ / /

## ANALYSIS

### I. Motion to Proceed IFP Pursuant to 28 U.S.C. § 1915(a)

#### A. Legal Standard

Any party instituting a civil action in a United States district court, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Still, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require a prisoner granted leave to proceed IFP to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), regardless of whether the action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to file an affidavit that includes a statement of all assets and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *See id.*

and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

### B.  *Plaintiff's Motion to Proceed IFP*

Here, Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) and instead filed a Motion to Proceed IFP. (*See* ECF No. 2.) In support of his Motion to Proceed IFP, Plaintiff has submitted a sworn declaration, Prison Certificate, Trust Account Withdrawal Authorization, and certified copy of his Inmate Trust Account Statement, (*see generally* ECF No. 2), in compliance with 28 U.S.C. § 1915(a)(2). *See also* S.D. Cal. Civ. L.R. 3.2; *Andrews*, 398 F.3d at 1119. The Inmate Trust Account Statement shows that Plaintiff had an available balance of $0.00 at the time the statement was filed. (ECF No. 2 at 6.) Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP under 28 U.S.C. 1915, (ECF No. 2), and **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation, or their designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A

### A.  *Legal Standard*

District courts must conduct a preliminary screening of all complaints filed by plaintiffs proceeding IFP, *see* 28 U.S.C. § 1915(e)(2), and plaintiffs who are prisoners seeking redress from a government entity, or officer or employee of a governmental entity, *see* 28 U.S.C. § 1915A. Under these statutes, the Court must review and *sua sponte* dismiss any complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The same standard applies for screening under § 1915A. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that complaints "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" will not suffice. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  *Plaintiff's 42 U.S.C. § 1983 Claim*

Because Plaintiff is a prisoner who is proceeding IFP, his Complaint requires a preliminary screening under 28 U.S.C. § 1915(e)(2) and § 1915A(b). Plaintiff's claim arises under 42 U.S.C. § 1983. "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United

/ / /

States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Here, Plaintiff's § 1983 claim arises under the First Amendment of the Constitution. Plaintiff generally alleges that Defendants used their positions and authority to retaliate against Plaintiff for exercising his First Amendment right to free speech, reporting, and redressing of a grievance. (*See* ECF No. 1 at 2.) To state a claim for unlawful retaliation under the First Amendment, an incarcerated plaintiff must allege the following: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. *Rhodes v. Robinson*, 408 F.3d 559, 569 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). Plaintiff's Complaint meets these requirements.

According to the Complaint, Defendant McCourt is a supervisor and Defendants Howard and Johnson are plumbers employed at Richard J. Donovan Correctional Facility ("RJD"). (*See* ECF No. 1 at 2.) On December 20, 2021, while housed at RJD, Plaintiff was working with Defendants Howard and Johnson in their capacity as plumbers. (*See id.* at 2, 3.) According to Plaintiff, Howard and Johnson refused to fix the sinks in two prison cells which had been clogged for nearly a week and had sewage coming out of them. (*See id.* at 3.) Howard and Johnson allegedly refused to fix these sinks because they wanted to work in another yard where they would be paid overtime. (*See id.*) When Plaintiff informed Howard and Johnson that he would report them to the staff and sergeant, they became angry and left. (*See id.*)

The following day, Howard and Johnson allegedly saw Plaintiff reporting to the prison program office to inform Sergeant Kilough[2] of the incident, and subsequently refused to allow Plaintiff to work with them. (*See id.*) Howard and Johnson then conspired

---

[2] Kilough is not a named Defendant.

with Defendant McCourt, who allegedly falsified documents to get Plaintiff fired from his position. (*See id.* at 3, 4 (accusing McCourt of falsely claiming that Plaintiff had a "128 drop crono").) Plaintiff responded by filing a grievance for retaliation. (*See id.* at 4.) According to the Complaint, McCourt then told an inmate housed in one of the cells with the sink issues that the inmate would not be paid or allowed to work because of Plaintiff and his cellmate's grievances against McCourt, Howard, and Johnson. (*See id*. at 4.) This caused the inmate to "ki[ck Plaintiff] off the yard," causing Plaintiff to be placed in administrative segregation. (*See id*.) Defendant McCourt then falsely claimed safety concerns to get Plaintiff and his cellmate transferred to another prison in the hope that transfer would avoid a lawsuit. (*See id*.) As a result of Defendants' actions, Plaintiff seeks three forms of injunctive relief: the removal of "128 drop crono" from his record; permission to return to RJD; and an apology from Defendants. (*See id.* at 7.) Plaintiff also seeks $15,000 in compensatory damages and $15,000 in punitive damages. (*See id.*)

Taking the allegations in the Complaint as true, the Court finds that Plaintiff's First Amendment claims against McCourt, Howard, and Johnson survive the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) pursuant to 28 U.S.C. § 1915(a).

(2) **ORDERS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $ 10 in accordance with 28 U.S.C. § 1915(b)(2). All payments **SHALL** be clearly identified by the name and number assigned to this action.

(3) **DIRECTS** the Clerk of Court to serve a copy of this Order on Jeff Macomber,

Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

(4) **DIRECTS** the Clerk of Court to issue summonses as to Plaintiff's Complaint (ECF No. 1) upon Defendants McCourt, Howard, and Johnson and forward them to Plaintiff along with a blank U.S. Marshal Forms 285. In addition, the Clerk **SHALL** provide Plaintiff with certified copies of this Order, a certified copy his Complaint, and the summonses so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Forms 285 as completely and accurately as possible, include an address where Defendants may be served, *see* S.D. Cal. Civ. L.R. 4.1(c), and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package.

(5) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the U.S. Marshal Forms 285, and to file executed waivers of personal service upon Defendants with the Clerk of Court as soon as possible after their return. Should a Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form U.S. Marshal 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint, and request for waiver was mailed to that Defendant, and indicate why service upon the party remains unexecuted. All costs of that service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon the Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

(6) **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint and any subsequent pleadings within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner . . . under section 1983," once the Court

has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

(7) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED.**

Dated: March 20, 2023

_____
Honorable Todd W. Robinson
United States District Judge