1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL A. YESCAS, III,<br><br>                         Plaintiff,<br><br>v.<br><br>DAN MCCOURT, PRESTON HOWARD, and FRANK JORDAN,<br><br>                        Defendants. | Case No.: 3:23-cv-00106-TWR-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO STAY DISCOVERY; and**<br><br>**(2) EXTENDING BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO DISMISS AND, IN THE ALTERNATIVE, SETTING DEADLINE FOR PLAINTIFF TO SEEK LEAVE TO AMEND COMPLAINT**<br><br>**[ECF Nos. 11, 17]** |

Before the Court is Defendants' *Ex Parte* Application to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss and to Stay Briefing on Plaintiff's Motion for Summary Judgment or, in the Alternative, Deny Plaintiff's Motion for Summary Judgment as Premature (the "Motion to Stay Discovery"). ECF No. 17. The Court held a hearing on the Motion to Stay Discovery on July 19, 2023. ECF No. 19. This Order follows.

## I.   BACKGROUND

Plaintiff Raul A. Yescas, III ("Plaintiff"), a prisoner who is proceeding *pro se*, filed a complaint on January 17, 2023, bringing civil rights claims against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. In the Complaint, Plaintiff alleges that Defendant McCourt, a supervisor at Richard J. Donovan Correctional Facility ("RJD") where Plaintiff was previously housed, and Defendants Howard and Johnson, who were civilian plumbers employed by RJD, violated his First Amendment Rights by using their positions of authority to retaliate against him for reporting and seeking redress for grievances against them. *Id.* at 2. On March 20, 2023, the Court found that the Complaint contained First Amendment claims sufficient to survive the "low threshold" set forth for *sua sponte* screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). ECF No. 5.

On June 9, 2023, Defendants filed a Motion to Dismiss the Complaint for failure to state a plausible claim for retaliation against any Defendant, and, further, on the basis that Defendants are entitled to qualified immunity on the claims against them in their individual capacities and Eleventh Amendment immunity on the claims against them in their official capacities. ECF No. 11. The Court set a briefing schedule on Defendants' Motion to Dismiss the same day it was filed, requiring Plaintiff to file an Opposition or Notice of Non-Opposition by July 3, 2023. ECF No. 12. Defendants' deadline to file a Reply brief was July 10, 2023. *Id.*

On June 20, 2023, Plaintiff submitted a filing captioned "Motion of Plaintiff in Respon[s]e to Defendants' Motion to Dismiss and Move for Summary Judgment." ECF Nos. 13, 14. In the cover page of the filing, which was docketed separately as the Opposition to the Motion to Dismiss, Plaintiff states that, in response to Defendants'

argument that the claims in Plaintiffs' Complaint are "disjointed, conclusory, and confusing[,]" Plaintiff "would like to enter Exhibits (A1-X) included in this motion to follow as evidence to clear up [their] confusion." ECF No. 13 at 1. Provided in the same envelope as the cover page but docketed separately, Plaintiff submitted a Motion for Summary Judgment ("MSJ"), along with a Declaration in Support of the MSJ and 29 Exhibits. ECF No. 14.

On July 6, 2023, Defendants filed their Motion to Stay Discovery. ECF No. 17. In the motion, Defendants explain that Plaintiff served them with a Request for Production of Documents, including a request for electronically stored documents, on June 15, 2023, which defense counsel received on June 26, 2023. *See* ECF No. 17 at 10, Decl. of Audra Call ¶ 6. Although the Federal Rules of Civil Procedure ordinarily prohibit a party from seeking discovery before the parties have conferred pursuant to Rule 26(f), that limitation on the timing of discovery does not apply in proceedings exempted from initial disclosure under Rule 26(a)(1)(B). Fed. R. Civ. P. 26(d)(1). Rule 26(a)(1)(B)(iv), in turn, exempts from initial disclosure actions, such as this one, brought by *pro se* incarcerated plaintiffs. Therefore, absent a Court order stating otherwise, Plaintiff is permitted to seek discovery from Defendants even though there is a pending Motion to Dismiss, the Court has not held a Case Management Conference, and the Court has not yet issued a Scheduling Order pursuant to Rule 16(b). Further, absent a Court order, Defendants' responses to Plaintiff's requests for production would be due within 30 days after being served, or July 18, 2023. Fed. R. Civ. P. 34(b)(2); *see also* Call Decl. ¶ 8.

Based on these considerations, Defendants filed the instant Motion to Stay Discovery, in which they request the following relief: (1) that the Court stay discovery in this action pending resolution of the Motion to Dismiss; (2) if the Motion to Dismiss is denied, that the Court extend Defendants' deadline to respond to Plaintiff's pending discovery requests to 45 days after the Court's ruling on the Motion to Dismiss; or, in the alternative, if the request to stay discovery is denied, that Defendants' deadline to respond to the pending requests be extended to 45 days after the order denying the stay; (3) that the

Court stay briefing on Plaintiff's MSJ, or, in the alternative, that the Court deny the MSJ without prejudice as premature. *See generally* ECF No. 17. The Court conducted a hearing on the Motion to Stay Discovery on July 19, 2023, and temporarily stayed Defendants' deadline to respond to Plaintiff's discovery requests pending the hearing and decision on the motion. *See* ECF Nos. 18, 19.

## II. LEGAL STANDARD

In cases such as the one at hand, which are exempt from the Rule 26(f) meet-and-confer requirement but where "discovery may be needed," the Court "should indicate when discovery may commence in those cases." Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment. Under Rule 16(b) of the Federal Rules of Civil Procedure, "[e]xcept in categories of actions exempted by local rule," the Court must issue a scheduling order "after receiving the parties' report under Rule 26(f)" **or** "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Fed. R. Civ. P. 16(b)(1). Such scheduling order must be issued "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Section 1983 cases are not exempted by local rule from Rule 16(b) case management conferences. *See* CivLR 16.1(e). Therefore, under both the Federal Rules and the Civil Local Rules, "unless the Court finds good cause for delay," the Court would ordinarily be required to issue a scheduling order by July 10, 2023, or 90 days after the United States Marshal Service completed service of the summons and complaint by certified mail. *See* ECF Nos. 7, 8, 9.

Motions to stay discovery are governed by the same "good cause" standard. Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." It is within the Court's discretion whether to stay discovery pending resolution of a motion to dismiss.

*See, e.g.*, *Duff v. Nevada*, 212 F. App'x 676, 677 (9th Cir. 2006); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (applying the previous version of Rule 26(c)(1) to note that a Court "may limit discovery 'for good cause', and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief" and accordingly finding the trial court did not abuse its discretion in issuing a protective order staying discovery).

### III. DISCUSSION

As discussed during the hearing, the Court finds good cause to stay discovery in this case. Notably, Defendants argue in their Motion to Dismiss that they are entitled to qualified immunity. *See* ECF No. 11 at 30-32. The Supreme Court has emphasized that, since one of the purposes of the qualified immunity standard "is to protect public officials from 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government[,]' qualified immunity questions should be resolved at the earliest possible stage of litigation." *Anderson v. Creighton*, 438 U.S. 635, 646 n.6 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817, 818 (1982)). In *Harlow*, the Court expressly stated that "[u]ntil this threshold [qualified] immunity question is resolved, discovery should not be allowed." 457 U.S. at 818. *See also Stokwitz v. Lehman*, 880 F.2d 1323 (9th Cir. 1989) (explaining that, even at the summary judgment stage, "[a] district court enjoys wide discretion in in controlling the scope and extent of discovery, and it is not an abuse of that discretion to stay discovery until the question of a defendant's immunity can be resolved").

Therefore, Defendants' Motion to Stay Discovery (ECF No. 17) is hereby **GRANTED**. Discovery shall not commence in this case until after the pending Motion to Dismiss (ECF No. 11) has been resolved. The Court will hold a Case Management Conference and issue an appropriate Scheduling Order if and when the case proceeds past the pleading stage.

As for Plaintiff's pending Motion for Summary Judgment, the Court acknowledges that Plaintiff stated that his purpose in filing the motion was to "clear up [] confusion" in response to Defendants' argument that the claims in Plaintiffs' Complaint are "disjointed,

conclusory, and confusing." ECF No. 13 at 1. *See also* ECF No. 11 at 9 (Defendants arguing in the Motion to Dismiss that "[t]he allegations in Plaintiff's Complaint are disjointed, conclusory, and confusing."). However, although his intentions may be understandable, Plaintiff's summary judgment motion is premature at this stage of the case.[1] If Plaintiff seeks to clarify the factual allegations as stated in his Complaint, the appropriate avenue to do so is to seek leave to file an amended complaint. The Court discussed that option with Plaintiff and defense counsel during the motion hearing, and defense counsel indicated that Defendants are amenable to stipulating to an amended complaint after further conversations with Plaintiff and a review of the proposed amended complaint. Based on the representations of counsel, the Court understands that counsel will discuss this option further with Plaintiff by telephone next week.

If Plaintiff wishes to seek leave to amend his complaint to clarify his allegations, he must do so by **August 21, 2023**. Again, the Court anticipates that Defendants may agree that Plaintiff should be allowed to file an amended complaint. In that case, the motion for leave to file an amended complaint shall be filed as a joint (stipulated) motion. If Defendants do not agree to join in Plaintiff's motion, Plaintiff may still file a motion for leave to amend the complaint on his own, and the Court will set a briefing schedule after the motion is filed.

If Plaintiff decides not to seek leave to amend his complaint and instead wishes to defend himself against the Motion to Dismiss, he must do so by responding to Defendants' arguments in the Motion to Dismiss (ECF No. 11), **without relying on evidence outside the pleadings**, unless such documents are incorporated by reference in the complaint or are properly subject to judicial notice. *See, e.g.*, *United States ex rel. Durkin v. Cnty. of San*

---

[1] The Court will discuss this finding in more detail in a separate Report and Recommendation to the District Judge, recommending the Court deny the Motion for Summary Judgment as premature.

*Diego*, No. 15CV2674-MMA (WVG), 2017 WL 3315784, at *3 (S.D. Cal. Aug. 3, 2017) ("In deciding a motion to dismiss under Rule 12(b)(6), a court is generally limited to the four corners of the complaint. However, a court may consider 'documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.'") (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). If Plaintiff chooses this option, in order to give Plaintiff a meaningful opportunity to be heard, the Court hereby **RESETS** the briefing schedule on the Motion to Dismiss as follows:

Plaintiff's Opposition to the Motion to Dismiss (including any and all supporting documents) must be filed and served on all parties by **August 25, 2023**. If Plaintiff does not wish to oppose the Motion to Dismiss, Plaintiff must file and serve a "Notice of Non-Opposition" by that same date to let the Court know that Defendants' Motion is unopposed. If Plaintiff files and serves an Opposition, Defendants must file and serve a Reply by **September 1, 2023**, which is seven (7) calendar days before the hearing.

The Motion to Dismiss is calendared for hearing on **September 8, 2023**, at **9:30 a.m.** before Magistrate Judge Allison H. Goddard for a Report and Recommendation. At the time appointed for hearing, the Court will, in its discretion, consider Defendants' Motion to Dismiss based on the Motion, Opposition, and Reply briefs submitted by the parties. Unless otherwise ordered, **no oral argument will be heard and no appearances by either party or counsel will be required.** *See* CivLR 7.1.d.1. In other words, the Court sets the hearing date because the Local Rules require a hearing date for the purpose of setting a briefing schedule, but **the Court does not expect the parties to appear for an in-person hearing.**

If Plaintiff chooses this option and files a Response to Defendants' Motion to Dismiss instead of seeking leave to amend his complaint, Plaintiff must be mindful that the Court will consider only (1) the contents of the complaint, (2) documents attached to his complaint, and (3) documents incorporated by reference in the complaint. *See Ritchie*, 342 F.3d at 908. The Court will not consider evidence outside of these categories.

## IV. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendants' Motion to Stay Discovery (ECF No. 17). The stay on discovery shall remain in place until the case proceeds beyond the pleading stage.[2] The Court will set a Case Management Conference and issue an appropriate Scheduling Order if the case proceeds beyond the pleading stage.

Plaintiff may file a motion for leave to amend the complaint by **August 21, 2023**. If Defendants agree to the motion, it shall be filed as a stipulated joint motion. If Defendants do not agree to the motion, Plaintiff must file it on his own by the same deadline, by mailing the motion to the Court. Plaintiff should title the motion "Plaintiff's *Ex Parte* Motion for Leave to Amend Complaint." The Court will set a briefing schedule on the motion at that time.

If Plaintiff decides not to seek leave to amend his complaint, he must respond to Defendants' pending Motion to Dismiss (ECF No. 11) by **August 25, 2023**. Defendants must file a Reply by **September 1, 2023**. Unless otherwise ordered, the Motion to Dismiss shall be taken under submission on the papers and no oral argument will be heard.

By separate written order, the Court will issue a Report and Recommendation to the presiding District Judge, recommending that Plaintiff's Motion for Summary Judgment (ECF No. 14) be denied without prejudice as premature.

**IT IS SO ORDERED.**

Dated: July 19, 2023

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] If Plaintiff is permitted leave to file an amended complaint, Defendants' pending Motion to Dismiss would be denied as moot. However, Defendants would still be able to file another motion to dismiss any future amended complaint filed by Plaintiff. The case will not be "beyond the pleading stage" until Defendants file an answer, either by choice or because they have been ordered to do so by the Court following a denial of any future motion to dismiss on its merits.