UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL A. YESCAS, III,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAN MCCOURT, PRESTON HOWARD, and FRANK JORDAN,<br><br>　　　　　　　　　Defendants. | Case No.:  3:23-cv-00106-TWR-AHG<br><br>**REPORT AND RECOMMENDATION RECOMMENDING THE COURT DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS PREMATURE**<br><br>**[ECF No. 14]** |

Before the Court is Plaintiff's Motion for Summary Judgment. ECF No. 14. As discussed in the Court's Order Granting Motion to Stay Discovery (ECF No. 20), the Court held a motion hearing on July 19, 2023. ECF No. 19. The purpose of the hearing was to discuss Defendants' *Ex Parte* Application to Stay Discovery Pending a Ruling on Defendants' Motion to Dismiss and to Stay Briefing on Plaintiff's Motion for Summary Judgment or, in the Alternative, Deny Plaintiff's Motion for Summary Judgment as Premature (the "Motion to Stay Discovery"). ECF No. 17.

Although the primary relief requested in Defendants' motion was a stay of discovery, which is within the purview of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), Defendants also requested that the Court either stay briefing on Plaintiff's Motion for Summary Judgment or deny Plaintiff's Motion for Summary Judgment as premature. *See* ECF No. 17 at 7-8. As the Court stated in the Order granting the Motion to Stay Discovery, the undersigned agrees that Plaintiff's summary judgment motion is premature at this stage of the case. *See* ECF No. 20 at 6. However, a Magistrate Judge may not directly determine a motion for summary judgment, and may instead only submit proposed findings of fact and recommendations for the disposition of such a motion to the presiding District Judge. 28 U.S.C. § 636(b)(1)(A)-(B). Therefore, rather than addressing the Motion for Summary Judgment in the Order on the Motion to Stay Discovery, the Court issues this separate Report and Recommendation to United States District Judge Todd W. Robinson. For the reasons discussed below, the Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 14) **without prejudice** as premature.

I.  BACKGROUND

The Court discussed the factual background of Plaintiff's civil rights complaint in its previous Order Granting Motion to Stay Discovery (ECF No. 20) and will not rehash it in full here. Relevant to the Report and Recommendation, Defendants filed a Motion to Dismiss Plaintiff's Complaint on June 9, 2023. ECF No. 11. In the Motion to Dismiss, Defendants argue that: (1) Plaintiff fails to state a plausible claim for retaliation against

any Defendant under Rule 12(b)(6); and (2) Defendants are entitled to qualified immunity on the claims against them in their individual capacities and Eleventh Amendment immunity on the claims against them in their official capacities. *Id.*

Rather than responding to the arguments in the Motion to Dismiss, Plaintiff filed a Motion for Summary Judgment ("MSJ") on June 20, 2023. ECF No. 14. More specifically, Plaintiff submitted a filing captioned "Motion of Plaintiff in Respon[s]e to Defendants' Motion to Dismiss and Move for Summary Judgment." ECF Nos. 13, 14. In the cover page of the filing, which was docketed separately as the Opposition to the Motion to Dismiss, Plaintiff states that, in response to Defendants' argument that the claims in Plaintiffs' Complaint are "disjointed, conclusory, and confusing[,]" Plaintiff "would like to enter Exhibits (A1-X) included in this motion to follow as evidence to clear up [their] confusion." ECF No. 13 at 1. Provided in the same envelope as the cover page but docketed separately, Plaintiff submitted the 17-page MSJ, along with a 4-page Declaration in Support of the MSJ and 29 Exhibits. ECF No. 14.

Because Defendants contend their Motion to Dismiss should be decided before discovery is permitted in this action, in their Motion to Stay Discovery, Defendants also asked the Court to stay briefing on Plaintiff's MSJ, or, in the alternative, to deny the MSJ without prejudice as premature. ECF No. 17 at 7-8. The Court granted the Motion to Stay Discovery following a hearing on July 19, 2023. ECF No. 20. This Report and Recommendation addresses the related requested relief that the MSJ be denied without prejudice as premature.

## II. DISCUSSION

As discussed during the hearing and in the Order staying discovery, the Court acknowledges that Plaintiff stated that his purpose in filing the motion was to "clear up [] confusion" in response to Defendants' argument that the claims in Plaintiffs' Complaint are "disjointed, conclusory, and confusing." ECF No. 13 at 1. *See also* ECF No. 11 at 9 (Defendants arguing in the Motion to Dismiss that "[t]he allegations in Plaintiff's Complaint are disjointed, conclusory, and confusing.").

However, Plaintiff's summary judgment motion is premature at this stage of the case, particularly now that discovery has been stayed. Although a motion for summary judgment may be filed "at any time[,]" the Court may "defer considering the motion" or "allow time to . . . take discovery" if necessary to allow the non-movant to present facts essential to justify its opposition. Fed. R. Civ. P. 56(b), (d). Under the present circumstances, where the Court has found good cause to stay discovery in light of the qualified immunity arguments raised in the Motion to Dismiss, the appropriate course of action is for the Court to "defer considering" Plaintiff's MSJ until after the case has proceeded past the pleading stage and discovery has commenced. Defendants' Motion to Dismiss, including the threshold issues of immunity raised therein, must be resolved, and discovery must be taken by both sides, before the case will be ripe for decision on summary judgment. *See, e.g.*, *Biro v. Keyes*, No. 221CV06835JGBMAA, 2021 WL 6618624, at *1 (C.D. Cal. Dec. 2, 2021) (finding the *pro se* plaintiff's motion for summary judgment premature in part because the Court "has not yet ruled on Defendants' pending Motions to Dismiss (indeed, the Motions to Dismiss are not yet fully briefed)"); *James White v. J. Sanchez et al.*, No. CV 21-04066-GW (DFM), 2023 WL 4290386, at *1 (C.D. Cal. Mar. 1, 2023) ("Summary judgment is generally not appropriate until the parties have had an opportunity to pursue discovery. The Court will not issue a case management and scheduling order regarding discovery in this case unless Plaintiff's complaint survives a motion to dismiss."); *Samuel v. Woodford*, No. CV 05-05990-JHN VBK, 2011 WL 1361533, at *1 (C.D. Cal. Mar. 2, 2011), *report and recommendation adopted*, 2011 WL 1361470 (C.D. Cal. Apr. 8, 2011) (noting that the *pro se* plaintiff's motion for summary judgment was denied as premature in light of the defendants' pending motion to dismiss).

Therefore, it is recommended that the Court deny Plaintiff's Motion for Summary Judgment as premature, without prejudice to refiling.

### III.   CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 14) **without prejudice** as

premature.[1]

The Court submits this Report and Recommendation to United States District Judge Todd W. Robinson under 28 U.S.C. § 636(b)(1). Any party to this action may file written objections with the Court and serve a copy on all parties no later than **August 4, 2023**. The document should be captioned "Objections to Report and Recommendation."

**IT IS SO ORDERED.**

Dated:  July 19, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] If Plaintiff's Motion for Summary Judgment is denied without prejudice to refiling, he will be free to re-file the motion at a later stage of the case, once the Motion to Dismiss has been resolved and the stay on discovery has been lifted.