1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   RAUL A. YESCAS, III                    Case No.:  23-CV-106 TWR (AHG)
     CDCR #AW-1240,
12                                          **ORDER (1) GRANTING**
                                   Plaintiff, **PLAINTIFF'S MOTION FOR**
13                                          **LEAVE TO AMEND COMPLAINT**
                                            **[ECF No. 22]; and (2) DENYING**
14            vs.                           **DEFENDANTS' MOTION TO**
                                            **DISMISS PLAINTIFF'S**
15                                          **COMPLAINT [ECF No. 11]**
     DAN MCCOURT; PRESTON
16   HOWARD; FRANK JOHNSON,
                                            (ECF Nos. 11, 22)
17                                Defendants.
18

19

20        Plaintiff Raul A. Yescas, III, currently incarcerated at Mule Creek State Prison in

21   Ione, California, is proceeding pro se and *in forma pauperis* ("IFP") in this civil rights

22   action pursuant to 42 U.S.C. § 1983.  (ECF No. 1, "Compl.")  Plaintiff alleges that when

23   he was previously housed at the Richard J. Donovan Correctional Facility ("RJD"),

24   Defendants, who are officials from RJD, violated Plaintiff's First Amendment rights.  (*See*

25   *generally* Compl.)

26        Currently before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint

27   (ECF No. 11, "Mot. to Dismiss") and Plaintiff's Motion for Leave to Amend Complaint

28   (ECF No. 22, "Mot. to Amend"), which Plaintiff filed after filing an Opposition to

Defendants' Motion to Dismiss.  (*See* ECF No. 13.)  The Court then stayed the briefing schedule for the Motion to Dismiss in light of Plaintiff's Motion to Amend, (*see* ECF No. 24), and Defendants filed an Opposition to Plaintiff's Motion to Amend, (*see* ECF No. 25, "Defs.' Opp'n").

Having carefully considered Plaintiff's Complaint and the Parties' briefs, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES AS MOOT** Defendants' Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

### I.    Plaintiff's Allegations

According to the Complaint, Defendant McCourt is a supervisor, and Defendants Howard and Johnson are plumbers employed at RJD.  (*See* Compl. at 2.)  On December 20, 2021, while housed at RJD, Plaintiff was working with Defendants Howard and Johnson in their capacity as plumbers.  (*See id*. at 2–3.)  According to Plaintiff, Howard and Johnson refused to fix the sinks that had been clogged for nearly a week and had sewage coming out of them in two prison cells.  (*See id*. at 3.)  Howard and Johnson allegedly refused to fix these sinks because they wanted to work in another yard where they would be paid overtime.  (*See id*.)  When Plaintiff informed Howard and Johnson that he would report them to the staff and sergeant, they became angry and left.  (*See id*.)

The following day, Howard and Johnson allegedly saw Plaintiff reporting to the prison program office to inform Sergeant Kilough[1] of the incident, and subsequently refused to allow Plaintiff to work with them.  (*See id*.)  Howard and Johnson then conspired with Defendant McCourt, who allegedly falsified documents to get Plaintiff fired from his position.  (*See id*. at 3–4 (accusing McCourt of falsely claiming that Plaintiff had a "128 drop crono").)  Plaintiff responded by filing a grievance for retaliation.  (*See id*. at 4.)  McCourt then told an inmate housed in one of the cells with the sink issues that the inmate

---

[1]    Kilough is not a named Defendant.

would not be paid or allowed to work because of Plaintiff and his cellmate's grievances against McCourt, Howard, and Johnson.  (*See id*. at 4.)  This caused the inmate to "kite [Plaintiff] off the yard," causing Plaintiff to be placed in administrative segregation.  (*See id*.)  Defendant McCourt then falsely claimed safety concerns to get Plaintiff and his cellmate transferred to another prison in the hope that transfer would avoid a lawsuit.  (*See id*.)  As a result of Defendants' actions, Plaintiff seeks three forms of injunctive relief: the removal of "128 drop crono" from his record, permission to return to RJD, and an apology from Defendants.  (*See id*. at 7.)  Plaintiff also seeks $15,000 in compensatory damages and $15,000 in punitive damages.

## II.   Procedural History

Plaintiff filed his initial Complaint and motion to proceed IFP in this case on January 17, 2023.  (*See* ECF Nos. 1, 2.)  The Court granted Plaintiff's motion to proceed IFP and found that Plaintiff's "First Amendment claims against McCourt, Howard, and Johnson survive[d] the 'low threshold' set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)."  (*See* ECF No. 5 at 6.)  Accordingly, the Court directed the U.S. Marshals Service to effect service on Plaintiff's behalf.  (*See id.* at 7.)

On June 9, 2023, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Mot. to Dismiss.)  Plaintiff filed an Opposition that did not contain any argument but indicated that he wanted to submit a number of exhibits that would "clear up [Defendants'] confusion."  (*See* ECF No. 13 at 1.)  There were no exhibits, however, attached to Plaintiff's Opposition.  (*See id.*)  Instead, Plaintiff filed a "Motion for Leave to Amend Complaint" to which he attached the exhibits that he references in his Opposition.  (*See* Mot. to Amend.)

### MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), a party "may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b) . . . ."  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with

/ / /

the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).   "The court should freely give leave when justice so requires." *Id.*   When evaluating a motion to amend under Rule 15, the court considers: (1) whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party, (2) whether there have been repeated failures to cure deficiencies by previous amendments, (3) whether there has been undue prejudice to the opposing party "by virtue of allowance of the amendment[,]" and (4) whether amendment would be futile.   *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants oppose Plaintiff's Motion to Amend on the grounds that he "failed to attach a proposed amended complaint to the Motion" and has not "addressed any of the deficiencies identified by Defendants in their Motion to Dismiss." (Defs.' Opp'n at 1–2.)[2] First, Defendants argue that the Court's local rule requires a Plaintiff to submit a proposed amended complaint along with the motion seeking leave to amend but that Plaintiff failed to do so.   *(Id.* at 4.)   Local Rule 15.1(b) does, as Defendants set forth, require that "[a]ny motion to amend a pleading . . . be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows – through redlining, underling and strikeouts, or other similarly effective typographic methods – how the proposed amended pleading differs from the operative pleading."   S.D. Cal. Civ.L.R. 15.1.b.   Notably, however, Defendants fail to cite to the other section of Local Rule 15.1 that provides "[p]arties who are in custody and appearing pro se are exempted from complying with the requirements of Civil Local Rule 15.1.b to provide a version of the

---

[2]      Counsel for Defendants has submitted a declaration in which she attests that the Court held a hearing in July in which the "Court discussed Plaintiff's options in proceeding with this action." (Defs.' Opp'n at 3.)   According to Counsel, "those options included sending Defendants' counsel a proposed amended complaint to explore the possibility of having Defendants stipulate to allowing Plaintiff to file the amended complaint." *(Id.* (citing ECF No. 25, Declaration of Audra C. Call ("ACC Decl.") at ¶ 8.)).   While that may have been an option, however, that was not the sole option available to Plaintiff, and there is no requirement that he send his proposed amended pleading to Defendants before seeking leave of Court to amend his pleading.

proposed amended pleading that shows how that pleading differs from the operating pleading." S.D. Cal. Civ.L.R. 15.1.d.

In light of Plaintiff's *pro se* status and incarceration, the Court finds that failing to submit a proposed amended complaint does not constitute "undue delay, bad faith, or dilatory motive." *Sharkey*, 778 F.3d at 774. Accordingly, while it would have been preferable for Plaintiff to file a proposed amended complaint, Plaintiff is exempted from that requirement, and the Court does not find that the failure to follow this Local Rule should preclude Plaintiff from seeking leave to file an amended complaint.

Defendants also argue that any amendment would be futile because the evidence Plaintiff seeks to add to this action through the exhibits he has attached to his Motion to Amend "does not correct the deficiencies that were noted by Defendants in their Motion to Dismiss." (Defs.' Opp'n at 5.) Defendants argue that, "if an amended pleading was filed by Plaintiff based upon the evidence Plaintiff is attempting to introduce in the Motion for Leave to Amend, Defendants would be left to file essentially the same Motion to Dismiss that is already on file for consideration by the Court." (*Id.* at 6.)

It does appear that at least one of Defendants' arguments in their Motion to Dismiss may become moot through Plaintiff's submission of exhibits, however, which suggests that Defendants would not, as they claim, be filing "essentially the same Motion to Dismiss" that is already before the Court. Specifically, in Defendants' Motion to Dismiss, they argue that Plaintiff's "[v]erbal complaints about work performance of employees is not constitutionally protected conduct." (Mot. to Dismiss at 16.) However, in the attachments to Plaintiff's Motion to Amend, (*see generally* ECF No. 22-1), Plaintiff includes a written grievance on a CDCR 602-1 form. (*See id.* at 39–40, Grievance, CDCR Form 602-1, Dec. 21, 2021.) In this grievance, Plaintiff claims Howard and Johnson "chose to disregard their assigned work orders for the day," and he informed correctional officers of their alleged failure to perform the work. (*Id.* at 39.) Therefore, it appears that Plaintiff did file a *written* grievance regarding the alleged actions of the Defendants, which Plaintiff alleges violated his First Amendment rights. At a minimum, it is well settled that filing a written

grievance is considered protected conduct for purposes of a First Amendment retaliation claim. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."). Accordingly, the Court cannot say at this time that amendment would be futile.

As stated above, Plaintiff is a pro se litigant who has not yet amended his original Complaint, and leave to amend should be freely given. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[U]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Moreover, Defendants have not demonstrated that Plaintiff's Motion to Amend was brought with undue delay, bad faith, or dilatory motive. Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES AS MOOT** Defendants' Motion to Dismiss.

**CONCLUSION**

Accordingly, the Court:

(1)     **GRANTS** Plaintiff's Motion to Amend (ECF No. 22);

(2)     **GRANTS** Plaintiff **sixty (60) days** from the date of this Order to file a First Amended Complaint. Plaintiff's Amended Complaint[3] must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. Civ.L.R. 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co.*,

---

[3]     Local Rule 15.1.a. provides, in part, "[a]ll amended pleadings must contain copies of all exhibits referred to in such amended pleadings. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to prior pleadings, in order that the same may be attached to the amended pleading." S.D. Cal. Civ.L.R. 15.1(a). When Plaintiff files an amended complaint, he may also seek permission from the Court to attach the exhibits submitted in support of his Motion to Amend to his amended complaint.

*Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (explaining that "an amended pleading supersedes the original");

     (3)    **DENIES AS MOOT** Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 11); and

     (4)    **DIRECTS** the Clerk of Court to mail Plaintiff a court-approved civil rights complaint form for his use in amending.

     **IT IS SO ORDERED**.

Dated:  December 14, 2023

_____

Honorable Todd W. Robinson
United States District Judge